**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| GRETCHEN VALENCIA, individually and on behalf of all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| ARMADA SKILLED HOME CARE OF NM LLC, ARMADA HOME HEALTHCARE OF SOCORRO, LLC and CHRISTOPHER TAPIA, | ) (JURY TRIAL DEMANDED) ) ) ) |

**Defendants.**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Gretchen Valencia ("Plaintiff"), by and through her undersigned attorneys, hereby makes the following allegations against Armada Skilled Home Care of NM LLC, Armada Home Healthcare of Socorro, LLC, and Christopher Tapia (collectively, "Armada" or "Defendants") concerning her acts and status upon her actual knowledge and concerning all other matters upon information, belief, and the investigation of her counsel:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action to redress Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New Mexico Minimum Wage Act 1978 §§ 50-4-20, *et seq.* ("NMMWA") and the New Mexico Wage Payment Act 1978 §§ 50-4-1, *et seq.* ("NMWPA"), by knowingly classifying its home health Clinicians as overtime exempt and knowingly failing to pay them any overtime premium wages for the overtime work they performed despite knowing they were paid pursuant to a hybrid wage scheme that is plainly inconsistent with their classification as overtime exempt.

1

2.     Plaintiff Valencia brings her FLSA claims on a collective basis pursuant to 29 U.S.C. § 216(b) for all people who worked as home health Clinicians for Defendants at any point during the maximum limitations period (the "FLSA Class").

3.     Plaintiff Valencia brings her New Mexico claims as a class pursuant to Fed. R. Civ. P. 23 for all New Mexico residents who worked as home health Clinicians for Defendants at any point during the maximum limitations period ("The New Mexico Class").

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that claims under the FLSA: "may be maintained against any employer… in any Federal or State court of competent jurisdiction."

5.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.     This Court has supplemental jurisdiction over Plaintiff's New Mexico claim pursuant to 28 U.S.C. § 1367 because this claim arises from the same occurrence or transaction as Plaintiff's FLSA claim and is so related to this claim as to form part of the same case or controversy.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff Valencia resides in this District, Plaintiff Valencia worked for Defendants in this District, Plaintiff Valencia suffered the losses at issue in this District, Defendants have significant business contacts in this District, Defendants are alleged to have engaged in the wrongful conduct at issue in this District and actions and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

8.      Plaintiff Gretchen Valencia is a resident of New Mexico who resides in Albuquerque. From March of 2016 through the present, Plaintiff Valencia worked as a Registered Nurse for Defendants, performing home health care services in this District. Since Armada's inception in 2016, Defendants paid its Clinicians, including Plaintiff, on a combined "per-visit" / hourly basis that did not include the payment of any overtime premium wages for any of the work she performed beyond 40 hours in any workweek. As a result, Plaintiff Valencia is personally familiar with, and was personally affected by, the policies and practices described in this Complaint.

9.      Plaintiff Valencia has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). *See* Consent Form (Exhibit A).

10.      Defendant Armada Skilled Home Care of NM LLC is a Delaware corporation with its headquarters located at 8814 Horizon Boulevard Suite 300, Albuquerque, New Mexico 87113. Armada Skilled Home Care of NM LLC's core business involves the provision of home health care services throughout New Mexico. As discussed more fully below, Armada is directly responsible for the operation of its home health care business, and for the policies, practices, and conduct at issue in this case.

11.      Defendant Armada Home Healthcare of Socorro, LLC is a New Mexico corporation with a principal place of business located at 1039 Cottonwood Drive NW, Albuquerque, New Mexico 87107.

12.      Defendant Christopher Tapia ("Tapia") is a natural person and the President of Armada Skilled Home Care of NM LLC and Armada Home Healthcare of Socorro, LLC and is therefore an officer and agent of the corporation. In his capacity as President of Armada, Tapia

3

had the authority to hire and fire employees, the authority to direct and supervise the work of employees, including Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour matters, including decisions regarding payroll and other capital expenditures.

## BACKGROUND FACTS

13.     This action arises out of Defendants' systematic, company-wide wrongful classification of Plaintiff and other similarly situated home health Clinicians as exempt from the overtime compensation requirements of the FLSA and New Mexico wage law. The affected employees worked for Defendants as Registered Nurses, Physical Therapists, Occupational Therapists, Speech Therapists, and in other similarly-designated skilled care positions (collectively "Clinicians"), whose primary duties involved providing health care services to patients in their homes.

14.     For an employer to properly designate an employee as exempt from statutory overtime compensation requirements, it must affirmatively establish that the employee performs job duties that meet one of the statutorily-defined exemptions and that the employee is paid on either a salary-basis or a fee-basis.

15.     Defendants' uniform pay plan does not provide Plaintiff and its other Clinicians with a guaranteed salary. During the relevant statutory period, Defendants have maintained a corporate policy and practice of paying Clinicians pursuant to a compensation method which includes "per visit" payments for some work, hourly payments for other work, and no payments whatsoever for other work performed outside of the time spent in the patients' homes.

16.     Defendants pay Clinicians on a "per visit" basis for time spent visiting patients based on a set visit rate for each visit completed of a certain type.  For example, all routine visits

are paid at a Clinician's routine visit rate, and start of care, initial evaluation, recertification visits, and attempted visits are paid at other set rates. These visit rates are based on the amount of documentation time required for each type of visit, and thus home visits that require more documentation are paid at higher rates.

17.     Defendants pay Clinicians at an hourly rate of pay for time spent on certain tasks, including but not limited to, time spent in staff meetings, case conferences, mentoring, compliance training and marketing.

18.     Defendants do not pay Clinicians any sums for a multitude of other work tasks they are routinely required to perform outside of the time spent in patients' homes, including but not limited to, completing documentation of patient visits ("charting"), preparation time for visits, communications with patients, physicians and case managers about scheduling, patient-care and logistical matters, coordinating patient care with other providers, travelling between patients' homes, documenting information from patient visits ("charting"), or ordering, organizing and retrieving equipment and supplies used during their home visits, and for registered nurses, time spent dropping off lab specimens and following up on lab work.

19.     Defendants' hybrid "per visit" and hourly wage scheme does not meet either the salary-basis requirement or the fee-basis requirement, meaning that Defendants have no valid basis to classify Plaintiff or its other Clinicians as overtime exempt and, therefore, wrongly deprived these employees of legally-required overtime wages.

20.     Defendants routinely suffered and permitted Plaintiff and its other Clinicians to spend more than 40 hours per workweek on the various work-related tasks described above.

21.     Defendants did not maintain accurate contemporaneous records of all the hours Plaintiff and its other Clinicians worked, and did not require any Clinician, including Plaintiff, to

maintain such records.

22.     Defendants knew or should have known that Plaintiff and its other Clinicians were working more than 40 hours per week, because they assigned the work Clinicians performed; they tracked performance of this work; and they required all Clinicians to complete extensive paperwork detailing their work and when it was completed.

23.     Defendants knew or should have known that Plaintiff and its other Clinicians should have been classified as non-exempt employees because it was responsible for implementing and managing the hybrid "per visit" and hourly wage compensation system that paid them on a per-visit basis for certain work, an hourly basis for other work, and no wages at all for other required tasks.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff brings her FLSA claims on a collective basis pursuant to 29 U.S.C. § 216(b) for all people who worked as home health Clinicians for Defendants at any point during the maximum limitations period (the "FLSA Collective").

25.     Plaintiff belong to the FLSA Collective she seeks to represent, because:

   a.     She worked as a home health Clinician for Defendants during the relevant period and had similar job duties to the other members of the FLSA Collective;

   b.     She received the same training from Defendants and was required to comply with the same wage and hour policies;

   c.     Defendants classified Plaintiff as exempt from the FLSA's overtime compensation requirements;

   d.     Plaintiff's wages were calculated and paid based on Defendants' hybrid "per visit" and hourly wage pay scheme that included fixed, per-visit payments for some

6

work, hourly payments for other work, and no compensation at all for other required tasks;

      e.     Defendants routinely suffered and permitted Plaintiff to work more than 40 hours per workweek;

      f.     Defendants did not maintain accurate contemporaneous records of all the hours Plaintiff worked, and did not require any Clinician, including Plaintiff to maintain such records;

      g.     Defendants knew Plaintiff was working more than 40 hours per week, because Armada assigned the work they performed, tracked her performance of this work and required her to complete extensive paperwork detailing her work and when it was completed; and

      h.     Defendants did not pay Plaintiff for any overtime premium wages for any of the work she performed beyond 40 hours in any work week.

25.    Although Plaintiff and members of the FLSA Collective may have worked in different states or under different managers, this action may be properly maintained as a collective action because, among other things:

      a.     They worked under the same material terms and conditions of employment;

      b.     They were all classified as exempt from statutory overtime wage requirements;

      c.     They performed the same job duties and had the same job-related responsibilities;

    d.      They received common training about their employment and the wage and hour policies and practices at issue here;

    e.      They were governed by the same timekeeping policies, practices and systems;

    f.      They were governed by the same compensation policies, practices and systems;

    g.      They were governed by the same policies, practices and systems concerning work hours and the performance of their work; and

    h.      They were governed by the same policies, practices and systems concerning overtime hours and wages.

26.    Plaintiff and members of the FLSA Collective do not meet any test for exemption under the FLSA.

27.    Plaintiff estimates that members of the FLSA Collective, including both current and former employees over the relevant period, will include thousands of members. The precise number of employees comprising the FLSA Collective will be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

## NEW MEXICO CLASS ALLEGATIONS

28.    Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b), on behalf of herself and all other similarly situated Clinicians who worked for Defendants in New Mexico at any point during the maximum limitations period (the "New Mexico Class").

29.    Plaintiff and other similarly situated Clinicians all worked under common

employment policies, were subject to the same compensation scheme, and were subject to the same practices challenged in this action as described above.

30.     Plaintiff belongs to the Class she seeks to represent because she:

a.     Is a resident of New Mexico;

b.     Worked under the same material terms and conditions of employment as the New Mexico Class members;

c.     Was classified as exempt from statutory overtime wage requirements like the New Mexico Class members;

d.     Performed the same job duties and had the same job-related responsibilities as the New Mexico Class members;

e.     Received the same training about her employment and the wage and hour policies and practices at issue here as the New Mexico Class members;

f.     Was governed by the same timekeeping policies, practices and systems as the New Mexico Class members;

g.     Was governed by the same compensation policies, practices and systems as the New Mexico Class members;

h.     Was governed by the same policies, practices and systems concerning work hours and the performance of their work as the New Mexico Class members; and

i.     Was governed by the same policies, practices and systems concerning overtime hours and wages as the New Mexico Class members.

**<u>Class Definition</u>**

31.     Plaintiff seeks certification of a New Mexico Class consisting of the following individuals:

9

All individuals who currently work, or have worked, for Defendants as a home health Clinician in New Mexico, within the applicable statute of limitations.[1]

**Numerosity**

32.     More than 40 Clinicians were employed by Defendants in New Mexico who were subject to the same practices challenged in this action as alleged above and not paid overtime compensation for all time worked in excess of 40 in given workweeks.  Accordingly, Plaintiff satisfies the numerosity requirements as the New Mexico Class is so numerous that joinder of all members is impracticable.

33.     Members of the proposed New Mexico Class can be identified and located using Defendants' payroll and personnel records. Members of the New Mexico Class may be informed of the pendency of this action by direct mail, electronic mail, text message, and/or published and broadcast notice.

**Common Questions of Fact or Law**

34.     There are questions of fact and law common to the New Mexico Class members which predominate over questions affecting only individual members, if any. Plaintiff, the members of the New Mexico Class, and Defendants have a commonality of interest in the subject matter and the remedy sought.

35.     If individual actions were required to be brought by each member of the New Mexico Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Court, the New Mexico Class, and to the Defendants. Accordingly, a class action

---

[1] Plaintiff reserves the right to propose a different class definition or include sub-classes, if appropriate, after the completion of discovery. Further, in New Mexico, the statute of limitations period is three years for statutory violations, but continuing violations, such as those asserted here, may be pursued regardless of the date on which they occurred. N.M. Stat. § 37-1-5, N.M.Stat. §50-4-32. The statute of limitations for unjust enrichment is four years. N.M. Stat. §37-1-4.

is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New Mexico Class is entitled.

**Typicality**

36.     Plaintiff's claims are typical of the claims of the New Mexico Class's members.  As a result of Defendants' unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the New Mexico Class she seeks to represent.

**Adequacy**

37.     Plaintiff is an adequate representative of the New Mexico Class she seeks to represent because she is a member of the New Mexico Class, and her interests do not conflict with the interests of the other members of the New Mexico Class. The interests of each New Mexico Class member will be fairly and adequately protected by Plaintiff and her undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

**Superiority**

38.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable given that, among other reasons, Defendants operate throughout New Mexico.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

39.     Moreover, as the damages suffered by each New Mexico Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each New Mexico Class member to bring individual claims.

40.     The presentation of separate actions by individual class members could create a risk

of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of each New Mexico Class's members to protect their interests.

## COUNT I
## FAIR LABOR STANDARDS ACT SECTION 207
## DEFENDANTS' FAILURE TO PAY EARNED OVERTIME

41.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

42.     Each Defendant is an "Employer" as defined by 29 U.S.C. § 203(d).

43.     The wages Defendants paid to Plaintiff Valencia and the FLSA Class members are "Wages" as defined by 29 U.S.C. § 203(m).

44.     Defendants are an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

45.     Plaintiff Valencia and the members of the FLSA Collective are "Employees" as defined by 29 U.S.C. § 203(e)(1).

46.     Plaintiff Valencia and the members of the FLSA Collective are similarly-situated individuals within the meaning of 29 U.S.C. §216(b).

47.     29 U.S.C. § 207(a)(1) provides that, with certain exceptions not applicable here, non-exempt employees must be paid an overtime premium rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

48.     29 U.S.C. § 211(c) expressly requires employers to maintain accurate time records of the work performed by their employees.

49.     29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce an employers' failure to comply with its requirements.

50.     Throughout the relevant period, Defendants were obligated to comply with the FLSA's requirements, Plaintiff Valencia and the members of the FLSA Collective were covered employees entitled to the FLSA's protections, and Plaintiff Valencia and the members of the FLSA Collective were not exempt from receiving wages required by the FLSA for any reason.

51.     Defendants wilfully violated the FLSA by knowingly classifying Plaintiff Valencia and the members of the FLSA Collective as exempt from the FLSA's overtime pay provision despite knowing that its hybrid wage scheme does not meet either the salary basis requirement or the fee basis requirement.

52.     Defendants violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly suffering or permitting Plaintiff Valencia and the members of the FLSA Collective to regularly work more than 40 hours per week without ensuring they were paid at an overtime premium rate for all hours beyond 40.

53.     Defendants violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly failing to pay Plaintiff and the members of the FLSA Collective any wages for a wide array of work-related tasks they were required to regularly perform, including: preparing for patient visits; communicating with patients, physicians and case managers about scheduling, patient-care and logistical matters; coordinating patient care with other providers; travelling between patients' homes; documenting information from patient visits ("charting"); and ordering, organizing, or retrieving equipment and supplies to be used during their home visits.

54.     Defendants violated the FLSA and acted with reckless disregard of clearly

13

applicable FLSA provisions by knowingly failing to create or maintain accurate records of the time Plaintiff Valencia and the members of the FLSA Collective worked.

55.     Plaintiff Valencia and the members of the FLSA Collective have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of overtime wages owed for work they performed from which Defendants derived a direct and substantial benefit.

56.     Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff Valencia and the members of the FLSA Collective all wages mandated by the FLSA.

### COUNT II
### NEW MEXICO MINIMUM WAGE ACT
### FAILURE TO PAY OVERTIME WAGES
### UNDER NEW MEXICO LAW

57.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

58.     Plaintiff Valencia and other similarly situated home health Clinicians that currently work or worked for Defendants in New Mexico during the applicable statute of limitations period (the "New Mexico Class") meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59.     Each Defendant is an "Employer" as defined in N.M. Stat. § 50-4-21(B).

60.     Plaintiff Valencia and the New Mexico Class members are "Employees" as defined by N.M. Stat. § 50-4-21(C).

61.     N.M. Stat. § 50-4-22(D) provides, in relevant part, that employees "shall not be required to work more than 40 hours in any week of seven days, unless the employee is paid one

and one half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours."

62.     N.M. Stat. § 50-4-26(C) provides that if an employer, in violation of the NMMWA, fails to timely pay wages due, the employer shall be liable to the employees affected in the amount of their unpaid or underpaid minimum wages plus interest, and in an additional amount equal to twice the unpaid or underpaid wages.

63.     N.M. Stat. § 50-4-26(D) expressly allows private plaintiffs to bring a civil action to enforce an employer's failure to comply with the NMMWA's requirements.

64.     Throughout the relevant period, Defendants were obligated to comply with the NMMWA's requirements, Plaintiff Valencia and the New Mexico Class members were covered employees entitled to the NMMWA's protections, and Plaintiff Valencia and the New Mexico Class members were not exempt from receiving wages required by the NMMWA for any reason.

65.     Defendants violated the NMMWA and acted with disregard of clearly applicable NMMWA provisions by classifying Plaintiff Valencia and the New Mexico Class members as exempt under the FLSA and by knowingly suffering or permitting Plaintiff Valencia and the New Mexico Class members to regularly work more than 40 hours per week without ensuring they were paid at an overtime premium rate for all hours beyond 40, which has resulted in an underpayment of wages and violation of the NMMWA including the requirement that Defendants properly pay Plaintiff Valencia and the New Mexico Class all wages due.

66.     As a result of Defendants' violations of the NMMWA, Plaintiff Valencia and other members of the New Mexico Class have suffered harm and are entitled to recoup their unpaid wages, with prejudgment interest thereon, and treble the amount of such wages, together with reasonable attorneys' fees and costs, pursuant to N.M. Stat. § 50-4-26(E).

## COUNT III
## VIOLATION OF SECTION 50-4-2/UNJUST ENRICHMENT:
## DEFENDANTS' FAILURE TO PAY ALL WAGES DUE
## UNDER NEW MEXICO LAW

67.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

68.     The unpaid wages at issue in this litigation are "Wages" as defined by N.M. Stat. § 50-4-1(B).

69.     N.M. Stat. § 50-4-2(A) provides, in relevant part, that employers "shall designate regular pay days, not more than sixteen days apart, as days fixed for the payment of wages to all employees paid in this state."

70.     N.M. Stat. § 50-4-2(B) further provides, "an employer shall pay wages in full, less lawful deductions and less payroll deductions authorized by the employer and employee."

71.     N.M. Stat. § 50-4-32 further provides that a violation of any provision of Chapter 50 may encompass all violations that occurred as part of a "continuing course of conduct regardless of the date on which they occurred."

72.     At all times material to this Complaint, Defendants, by their policies and actions, knowingly benefited from, and increased their profits and personal compensation by failing to pay Plaintiff all wages due for work performed, including overtime for hours worked in excess of forty (40) hours in a workweek.

73.     Defendants violated the NMPWA and acted with reckless disregard of clearly applicable NMWPA provisions by knowingly failing to pay Plaintiff Valencia and the New Mexico Class members all wages due including those for a wide array of work-related tasks they were required to regularly perform, including: preparing for patient visits; communicating with patients, physicians and case managers about scheduling, patient-care and logistical matters;

16

coordinating patient care with other providers; travelling between patients' homes; documenting information from patient visits ("charting"); and ordering, organizing, or retrieving equipment and supplies to be used during their home visits.

74.     Plaintiff Valencia and the New Mexico Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of wages owed for work they performed from which Defendants derived a direct and substantial benefit.

75.     Defendants have accepted and received the benefits of the work performed by Plaintiff at the expense of Plaintiffs.

76.     It is inequitable and unjust for Defendants to reap the benefits of Plaintiff's labor without compensating them properly under New Mexico wage and hour laws.

77.     Plaintiff Valencia and the putative class members are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendants, plus interest on these amounts.

78.     Defendants' actions in requiring Plaintiff Valencia and New Mexico Class members to work without compensation and in failing to pay them all wages due at time required by statute were knowing, intentional, willful and wanton and Defendants are liable to Plaintiff Valencia and New Mexico Class members for punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, by and through her attorneys, demand judgment against Defendants, and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of their damages, the costs of this action, and as follows:

a.   approve this matter to proceed as a collective action with respect to Count I;

b.   approve this matter to proceed as a class action with respect to Count II;

c.   approve this matter to proceed as a class action with respect to Count III;

d.   appoint Stephan Zouras, LLP and Moody & Stanford, P.C. to serve as Class and Collective Counsel;

e.   award judgment in favor of Plaintiff Valencia and against Defendants for an amount equal to unpaid overtime compensation owed to Plaintiff Valencia and the members of the FLSA Collective;

f.   award judgment in favor of Plaintiff and against Defendants for an amount equal to Plaintiff's and Class members' unpaid wages pursuant to the applicable wage rates under New Mexico's state law;

g.   declare that Defendants' violations of the FLSA and New Mexico wage and hour laws were willful;

h.   award Plaintiff Valencia and members of the FLSA Class liquidated damages in accordance with the FLSA;

i.   award Plaintiff and members of the New Mexico Class damages in accordance with New Mexico statutory provisions;

j.   award prejudgment interest for the FLSA claims (to the extent that liquidated damages are not awarded);

k.   award prejudgment interest for all state-law statutory wage claims (even if liquidated damages are awarded);

l.   certify this action as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure and certify the New Mexico Class set forth above;

m.   award punitive damages to Plaintiff and the New Mexico Class to the extent permitted by the New Mexico law;

n.  declare and find that Defendants willfully violated all applicable record keeping statutes;

o.  issue all appropriate injunctive relief to prevent Defendants from violating the applicable and respective state-law statutory obligations, with ongoing oversight and continuing jurisdiction of the Court as needed, including requiring Defendants to pay for an audit of its record-keeping system;

p.  award Plaintiff Valencia reasonable attorneys' fees and all costs of the collective action, to be paid by Defendants, in accordance with the FLSA;

q.  award Plaintiff reasonable attorneys' fees and all costs of the New Mexico Class action, to be paid by Defendants, in accordance with New Mexico law;

r.  award pre- and post-judgment interest and court costs as further allowed by law;

s.  award a reasonable service award for Plaintiff to compensate her for the time and effort spent protecting the interests of other Clinicians, and the risks she has undertaken;

t.  grant Plaintiff and the New Mexico Class leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

u.  provide additional general and equitable relief to which Plaintiff and the New Mexico Class may be entitled; and,

v.  provide further relief as the Court deems just and equitable.

### **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

## CERTIFICATION REGARDING NON-MEMBER COUNSEL

Christopher M. Moody, being a member of the bar of this Court, pursuant to D.N.M. LR-Civ. 83.3 certifies that non-member counsel James B. Zouras (Bar No. 6230596), Ryan F. Stephan (Bar No. 6273101), Teresa M. Becvar (Bar No. 6312328) and Catherine T. Mitchell (Bar No. 6321142) are members in good standing of the State Bar of Illinois and that the requisite fees provided for in the above rule are being tendered to the Clerk of the Court concurrently herewith.

Dated: November 16, 2018                           Respectfully submitted,

By: /s/ *Christopher M. Moody 2018.11.16*
Christopher M. Moody
Repps D. Stanford
MOODY & STANFORD, P.C.
4169 Montgomery Blvd NE
Albuquerque, NM 87109
(505)227-8343
505-944-0034 *f*
stanford@nmlaborlaw.com
moody@nmlaborlaw.com

By: /s/ *James B. Zouras 2018.11.16*
James B. Zouras
Ryan F. Stephan
Teresa M. Becvar
Catherine T. Mitchell

STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
(312) 233-1550
(312) 233-1560 *f*
jzouras@stephanzouras.com
rstephan@stephanzouras.com
tbecvar@stephanzouras.com
cmitchell@stephanzouras.com

*Attorneys for Plaintiff and the Putative Class*