IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GRETCHEN VALENCIA, individually and
on behalf of all others similarly situated,

       Plaintiff,

v.                                                                    No. 1:18-cv-01071-KG-KBM

ARMADA SKILLED HOME CARE OF NM LLC,
ARMADA HOME HEALTHCARE OF SOCORRO, LLC,
and CHRISTOPHER TAPIA,

       Defendants.

## STIPULATED CONFIDENTIALITY ORDER

THIS MATTER having come before the Court upon the agreement and stipulation of the parties as set forth herein, and the Court finding good cause,

IT HEREBY IS ORDERED, ADJUDGED AND DECREED as follows:

It is the agreement of the undersigned parties that certain documents and information should be exchanged that might otherwise be considered confidential. The parties agree to keep the following documents and information confidential for the purposes of this litigation, unless and until either party challenges whether the document or information should not be subject to this Order and the Court makes a ruling regarding said challenge pursuant to an *in camera* review:

    1.    Medical and psychological information concerning any person.

    2.    The personnel file or employment records, including payroll information, of any person who is not a party to the case.

IT IS THEREFORE ORDERED:

1. This Order governs the use and/or production of the following documents for the sole purposes of this litigation, including:

    a. The use and/or production and disclosure of medical and psychological information concerning any person.

    b. The use and/or production of personnel files or employment records, including payroll information of any person who is not a party to the case. Personnel files, employment records, and payroll records of persons who are parties to the case shall be redacted when filed with the Court to obscure Social Security numbers, home addresses, home telephone numbers, day and month of birthdate and any other personal identifying information.

2. All "Confidential Material," may be marked as such by the producing party, or alternatively, marked by placing a cover sheet on the front of the produced material with the "CONFIDENTIAL," typed, written, or printed on such cover sheet or the designation of "Confidential" in an e-mail attachment. The identification of "Confidential Material" in any of these fashions shall mean that all materials or information or testimony produced with such mark, cover letter or cover sheet shall be "Confidential Material" as defined by this Order.

3. Any materials or testimony designated "Confidential Material" shall be disclosed only to the party's attorney (including staff, employees or independent contractors), parties, the Court and its personnel, court reporters and recorders, witnesses at depositions, outside experts and consultants employed by the Plaintiff's and the

Defendants' attorneys as needed to prosecute or defend this action. All such persons shall use such "Confidential Material" only for the prosecution and defense of this action and for no other purposes.

4. Upon request of any party at a deposition of any witness, a copy of this Order can be shown to witnesses, who may be asked to sign this Order (but who are not compelled to do so). Upon request of any party within fourteen days after delivery of the deposition transcript, certain pages of deposition transcripts that contain testimony pertaining to "Confidential Material" can be deemed "Confidential" on notice to all parties of record identifying the specific portions of the transcript that are designated "Confidential Material." The failure to serve timely notice of designation waives any designation of deposition testimony as "Confidential Material," unless otherwise ordered by the Court.

5. In the event deposition testimony or any exhibits or documents will be used in summary judgment motions, or as exhibits in any motions, "Confidential Material" may be sealed if the Court so orders, redacted from public filings, or provided to Chambers separately identified by stipulation of the parties, or the parties may obtain a procedure in advance of filing such motions that keeps "Confidential Material" from being filed with the Clerk of this Court in the public record.

6. Nothing in this Order, and no actions taken pursuant to this Order, shall prejudice the right of any party to contest the alleged relevance, admissibility, or discoverability of documents sought or subject to this Order.

7. Nothing in this Order prohibits any party from seeking and obtaining, upon appropriate showing, relief from this Order for specific types of documents, or additional protection with respect to the confidentiality of specific discovery material, or from providing stipulated exceptions to this Order.

8. Within sixty days after dismissal or entry of final judgment not subject to further appeal, any materials which have been designated as "Confidential Material" are to be either shredded or otherwise destroyed or returned to the producing parties, unless the document has been offered into evidence or filed without restriction as to disclosure.

_____
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

*Attorneys for Defendants:*

WIGGINS, WILLIAMS & WIGGINS, P.C.

By: ___*/s/ Patricia G. Williams*___
    Patricia G. Williams
    1803 Rio Grande Blvd. NW (87104)
    P.O. Box 1308
    Albuquerque, NM 87103-1308
    (505) 764-8400
    pwilliams@wwwlaw.us


APPROVED BY:

*Attorneys for Plaintiff and the Putative Class:*

**STEPHAN ZOURAS LLP**

By: _s/Teresa M. Becvar_____
    James B. Zouras
    Ryan F. Stephan
    Teresa M. Becvar
    Catherine T. Mitchell
100 N Riverside Plaza, Suite 2150
Chicago, IL 60606
(312) 233-1550
jzouras@stephanzouras.com
rstephan@stephanzouras.com
tbecvar@stephanzouras.com
cmitchell@stephanzouras.com

*and*

**MOODY & STANFORD, P.C.**
Christopher M. Moody
Repps D. Stanford
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
(505) 944-0033
moody@nmlaborlaw.com
stanford@nmlaborlaw.com