IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRETCHEN VALENCIA, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.                                                                      Civ. No. 18-1071 KG/JFR

ARMADA SKILLED HOME CARE OF
NM, LLC, ARMADA HOME HEALTHCARE
OF SOCORRO, LLC, and CHRISTOPHER TAPIA,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Plaintiff's Opposed Motion for Leave to File Amended Complaint and Memorandum in Support, ("Motion to Amend"), filed May 31, 2019. (Doc. 22). Defendant filed a response to the Motion on June 14, 2019, and Plaintiff filed a reply on June 28, 2019. (Docs. 29 and 34). Having considered the Motion, the proposed First Amended Collective and Class Action Complaint (Doc. 22-3), and the accompanying briefing, the Court grants the Motion to Amend.

    I.    *Procedural History*

Plaintiff filed her original Collective and Class Action Complaint on November 16, 2018, in which she alleged Defendants misclassified her and similarly situated home health clinicians as exempt from overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New Mexico Minimum Wage Act ("NMMWA"), 1978 § 50-4-20, *et seq.*, and the New Mexico Wage Payment Act ("NMWPA"), 1978 § 50-4-1, *et seq.* (Doc. 1). On February 14, 2019, the Honorable Karen B. Molzen, the assigned magistrate judge, held a scheduling conference and entered a bifurcated scheduling order. (Doc. 17). The parties'

deadline for discovery relating to conditional class certification under the FLSA was May 8, 2019, and Plaintiff's deadline to file a motion for conditional certification was June 5, 2019. *Id.*[1]

In her Motion to Amend, Plaintiff states that upon review of discovery received from Defendants in March and May 2019, she determined that she was classified as "non-exempt" rather than "exempt" from overtime. (Doc. 22) at 2-3. Plaintiff also states that Defendants' discovery responses revealed additional categories of home health workers who Defendants impermissibly denied overtime pay. (Doc. 22) at 2-3. Therefore, Plaintiff seeks to amend her Complaint to allege that she was classified as a non-exempt employee, and that Defendants failed to pay her and other similarly situated home health workers overtime compensation required under the FLSA and New Mexico wage laws. *See* (Doc. 22-2) at 1, 5 (redlined copy of First Amended Collective and Class Action Complaint ("First Amended Complaint")). Plaintiff further seeks to add as affected employees the categories of Social Workers, Certified Nursing Assistants, Certified Therapy Assistants, Home Health Aides, and Therapy Aides. *See id.* at 5. Plaintiff does not seek to add any claims. *See id.* at 8-20.

In response, Defendants contend Plaintiff's Motion to Amend is untimely because Plaintiff should have been able to determine that she needed to amend her complaint much earlier. (Doc. 29) at 4. Defendants argue they are prejudiced by Plaintiff's delay because they must respond to Plaintiff's Motion for Conditional Certification which is based on the putative class described in the original complaint which Plaintiff "admits is defective." *Id.* Defendants

---

[1] On June 5, 2019, Plaintiff filed an Opposed Motion for Conditional Certification and Issuance of Notice under 29 U.S.C. § 216(b) ("Motion for Conditional Certification"). On July 2, 2019, the parties filed a Notice of Unopposed Extension of Time, stating the parties agreed to an extension of Defendant's deadline to respond to the Motion for Conditional Certification to ten days after an order is entered on Plaintiff's Motion to Amend. (Doc. 36).

further argue Plaintiff's amendments are futile because Plaintiff "seeks to certify a class that is too broad and with whom she is not similarly situated." *Id.*

In reply, Plaintiff argues her Motion to Amend meets the liberal standard for amendment set forth in Fed. R. Civ. P. 15(a)(2). (Doc. 34) at 1. Plaintiff further contends the motion is not untimely, does not prejudice Defendants, and is not futile. *Id.* at 2-5.

## II. Standard of Review

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." As the Tenth Circuit has explained, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted). The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowec-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

## III. Discussion

Defendants oppose Plaintiff's Motion to Amend on the basis that it is untimely, Defendants would be prejudiced by the amendment, and the claims asserted in the First Amended Complaint are futile. (Doc. 29) at 4-6.

### A. Undue Delay

"Undue delay" is one of the justifications for denying a motion to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The emphasis is on whether the delay was undue, and "[l]ateness does not of itself justify the denial of the amendment." *R.E.B., Inc. v. Ralston Purina*

*Co.*, 525 F.2d 749, 751 (10th Cir. 1975). In addition, Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in a case. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

Defendants assert Plaintiff's Motion to Amend is untimely because "[f]rom a review of the Answer and the discovery responses, Plaintiff should have been able to determine amendment of the Initial Complaint was necessary long before the Motion to Amend was filed." (Doc. 29) at 4. Plaintiff, however, states that upon receipt of Defendants' discovery responses, she promptly reviewed the documents, drafted her amendments, and sought Defendants' counsel's consent to amend. (Doc. 34) at 2. Plaintiff further notes that Defendants' counsel did not respond to her request for consent for twenty days and only responded after being asked a second time. *Id.* (citing e-mail correspondence at Doc. 34-1).

Plaintiff filed the Motion to Amend within weeks of receiving Defendants' discovery responses, and prior to her deadline to file a motion for conditional certification. Moreover, no deadline was set for the parties to amend their pleadings, so Rule 16 is not implicated. *See* Fed. R. Civ. P. 16(b)(4) (providing scheduling order "may be modified only for good cause and with the judge's consent"). Defendants argue Plaintiff could have filed her Motion to Amend earlier because, in Defendants' answer to the original complaint, they denied Plaintiff's allegation that she was classified as exempt under the FLSA. (Doc. 29) at 4. The Court disagrees that Plaintiff was required to move to amend the complaint based on this denial. Instead, the Court finds it reasonable that Plaintiff waited to review discovery from Defendants that included Plaintiff's personnel file and Defendants' employee handbook before moving to amend. *See* (Doc. 22) at 2). Moreover, Plaintiff's proposed amendments do not only pertain to Plaintiff's classification as non-exempt as Plaintiff also seeks to add several categories of home health workers she learned

4

about upon reviewing Defendants' discovery responses. For these reasons, the Court finds Plaintiff acted in a timely manner and did not unduly delay in filing the Motion to Amend.

*B. Prejudice*

Courts should deny a motion to amend a complaint when the amendment unfairly prejudices the defendants "in terms of preparing their defense to the amendment." *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significantly new factual issues. *Compare Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudice in motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial"), *with Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no prejudice when "Petitioner's [amended] claims track the factual situations set forth in his [original] claims").

Here, Defendants argue they would be prejudiced by the amendment because they "are now in the position of being forced to respond to a motion for conditional certification on the Initial Complaint that the Plaintiff admits is defective." (Doc. 29) at 4. However, Plaintiff's Motion for Conditional Certification is based on her amended claims—that she and other non-exempt workers were not paid overtime—and not on the claims in her original complaint that she and others were misclassified as exempt from overtime pay. *See* (Doc. 22-3) (proposed First Amended Complaint). Therefore, Defendants will not be required to respond to a motion based on the original complaint.

Defendants also assert they will suffer prejudice from the amendment because they "will be required to move to dismiss several of the employee classifications that Plaintiff cannot represent." (Doc. 29) at 6. As further explained below, Plaintiff's proposed First Amended

5

Complaint sufficiently states a claim for relief and is not subject to dismissal under Fed. R. Civ. P. 12(b)(6). Because Defendants will have an opportunity to oppose Plaintiff's proposed class in their response to the Motion for Conditional Certification, Defendants' ability to assert a defense is not affected by the amendment. In addition, Plaintiff's amendments do not raise significantly new factual issues or claims. Accordingly, the Court determines it would not be prejudicial to Defendants to allow Plaintiff to amend her Complaint.

*C. Futility*

Courts should grant plaintiffs leave to amend a complaint only "when doing so would yield a meritorious claim." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001); *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (holding district court may refuse to allow amendment if it would be futile). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss … , a court may dismiss *sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (citations omitted). To withstand a motion to dismiss, the factual allegations, when taken as true and in the light most favorable to the plaintiff, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Defendants argue it would be futile to allow Plaintiff to amend the complaint because the class Plaintiff seeks to certify includes employees with more supervisory authority and different job duties than Plaintiff had. (Doc. 29) at 4-6. Therefore, Defendants contend Plaintiff "seeks

6

to add employees who Plaintiff, as a Registered Nurse, cannot represent." *Id.* at 4. Importantly, Defendants do not argue that Plaintiff's amended claims are subject to dismissal, and instead focus entirely on the viability of the potential class. As explained by several courts, a challenge to a motion to amend is not the proper stage of litigation to make such a challenge. For example, in *Martinez v. Schlumberger*, the court held that a motion to amend a complaint was not futile where the defendant's opposition was based on a challenge to the proposed class. 2018 WL 1581242, *3 (D.N.M.). The court stated that, while the plaintiff's attempt to certify a collective action may "ultimately fail," a motion to amend "is not the proper stage at which to resolve such disputes." *Id.* Therefore, the court granted the motion to amend because the plaintiff "made substantial allegations that the groups of employees included in his putative class were together the victims of a single policy by Schlumberger." *Id.* (stating "at this stage [plaintiff] has done enough to win leave to amend, particularly in light of the policy in favor of liberally granting such motions"); *see also Collins v. B/E Aerospace, Inc.*, 2010 WL 118334, *2 (D. Kan.) (granting motion to amend despite defendant's argument plaintiff not similarly situated to putative class because opposition to class certification "more proper in response to a motion for conditional certification"), and *Gipson v. Sw. Bell Tel. Co.*, 2008 WL 4307617, *4 (D. Kan.) (same).

In this case, Plaintiff has made substantial allegations that the groups of employees included in her putative class were subject to a single policy by Defendants to deny payment of overtime. *See* (Doc. 22-3) (proposed First Amended Complaint alleging Defendants violated FLSA by failing to pay overtime to non-exempt employees providing home health services). Defendants do not assert Plaintiff failed to state a plausible claim, and Defendants' arguments as to why the collective action should not be certified will be addressed when the Court considers

Plaintiff's Motion for Conditional Certification.  Therefore, the proposed amendments are not futile.

In sum, the Court concludes that Plaintiff's Motion to Amend is not untimely, prejudicial, or futile, and should be granted.  Defendants may reassert their arguments regarding the putative class in response to Plaintiff's Motion for Conditional Certification.

IT IS, THEREFORE, ORDERED that Plaintiff's Opposed Motion for Leave to File Amended Complaint and Memorandum in Support (Doc. 22) is granted.  Plaintiff shall file the First Amended Complaint no later than Friday, November 22, 2019.

_____
UNITED STATES DISTRICT JUDGE