IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRETCHEN VALENCIA, individually and
on behalf of all others similarly situated,

     Plaintiff,

vs.                                                           Civ. No. 18-1071 KG/JFR

ARMADA SKILLED HOME CARE OF
NM, LLC, ARMADA HOME HEALTHCARE
OF SOCORRO, LLC, and CHRISTOPHER TAPIA,

     Defendants.

MEMORANDUM OPINION AND ORDER OF CONDITIONAL CERTIFICATION

     This matter comes before the Court on Plaintiff's Opposed Motion for Conditional

Certification and Issuance of Notice Under 29 U.S.C. § 216(b), filed June 5, 2019.  (Doc. 25).

Defendant filed a response to the Motion on November 26, 2019, and Plaintiff filed a reply on

December 16, 2019.  (Docs. 39 and 43).[1]  Having considered the Motion, the accompanying

briefing, the record of the case, and the relevant law, the Court grants Plaintiff's Motion for

Conditional Certification.

    I.    *Background*

     Plaintiff is a Registered Nurse who was employed by Defendants from October 2016 to

November 2018, to provide healthcare services to patients in their homes.  (Doc. 25-1) at 2, 4.

Plaintiff alleges Defendants denied her and other similarly situated home healthcare workers

overtime pay for all hours worked in excess of 40 hours in a workweek, in violation of the Fair

---

[1] The parties agreed to an extension of time for Defendants to respond to the Motion for
Conditional Certification until after the Court ruled on Plaintiff's Motion to Amend her
Complaint.  (Doc. 36).  On November 15, 2019, the Court granted Plaintiff's Motion to Amend,
(Doc. 37), and Plaintiff filed her First Amended Complaint the same day, (Doc. 38).

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New Mexico Minimum Wage Act ("NMMWA"), 1978 § 50-4-20, *et seq.*, and the New Mexico Wage Payment Act ("NMWPA"), 1978 § 50-4-1, *et seq.* (Doc. 38). Specifically, Plaintiff states Defendants maintained a policy and practice of paying home healthcare workers on a "per event" basis for time spent visiting patients with a set visit rate for each type of visit. *Id.*, ¶ 14. Defendants required home healthcare workers to use software called Homecare Homebase to log the time spent performing certain work tasks. However, Plaintiffs allege this software does not record substantial amounts of time spent traveling between patients' homes, preparing for visits, checking and responding to email and voicemail, communicating with patients and physicians, and coordinating care with others. *Id.*, ¶ 17. As a result, Plaintiff claims Defendants did not pay Plaintiff and other workers overtime wages for hours worked in excess of 40 hours in a workweek. *Id.*, ¶ 18.

Plaintiff seeks to certify her FLSA overtime claims as a collective action under 29 U.S.C. § 216(b), and proposes the following collective class: "All individuals who worked as home health Registered Nurses, Physical Therapists, Occupational Therapists, Speech Therapists, Social Workers, Certified Nursing Assistants, Certified Therapy Assistants, Home Health Aides, Therapy Aides, and other similarly-designated skilled and paraprofessional care positions for Defendants during a period from three years prior to the entry of the conditional certification order to the present." (Doc. 25-1) at 7. Plaintiff asserts she is similarly situated to the home healthcare workers who comprise the FLSA collective class because they were all subject to the same terms and conditions of employment, compensation scheme, and common practice to not record or pay for all work performed in excess of 40 hours in a workweek. *Id.* at 10. Plaintiff further asserts that after she filed her original Complaint, Defendants independently conducted an "overtime due analysis," determined that some employees were owned additional wages, paid

those employees the owed wages, and obtained signed "acknowledgements" from some of those employees attesting that their wages were fully paid.  *Id.* at 2, 6-7.  Therefore, Plaintiff asks the Court to issue a corrective notice to potential class members to correct any misinformation that may have been communicated to them.  *Id.* at 16-17.  Plaintiff attaches a proposed form Notice that informs potential class members of their options in light of Defendant's communications and provides instructions as to how to opt-in to the lawsuit.  (Doc. 25-2).

Defendants argue in opposition to Plaintiff's Motion that Plaintiff cannot represent the class members because, as a Registered Nurse, Plaintiff performs different duties and has different training and education than other potential class members.  (Doc. 39) at 12-14.[2] Defendants further argue Plaintiff's proposed Notice is inadequate because: (1) it does not state that Plaintiff and other class members could be liable for Defendants' costs if Defendants prevail; (2) it does not provide for consent to join the action; (3) it does not provide information about the attorneys who seek to represent the class; and (4) it does not inform potential class members the amount of attorneys' fees they may be liable for.  *Id.* at 16-17.

II.     *FLSA Section 216(b)*

Under FLSA Section 216(b), employees may maintain a collective action for overtime pay on their own behalf or on behalf of other workers.  This section provides that any employer violating the minimum wage or maximum hours section of this statute "shall be liable to the employee or employees affected in the amount of the unpaid minimum wages or their unpaid

---

[2] Defendants also contend Plaintiff cannot maintain a class action under Fed. R. Civ. P. 23. (Doc. 39) at 6-10.  However, Plaintiff's Motion is for FLSA conditional class certification, not Rule 23 class certification.  *See* (Doc. 43) at 3 (explaining Plaintiff "intends to bring a separate motion for Rule 23 class certification after completion of discovery").  Therefore, the standards for Rule 23 class certification are inapplicable to this Motion.  *See Genesis healthcare Corp. v. Symczyk*, 569 U.S. 66, 73-76 (2013) (explaining differences between FLSA "collective actions" and Rule 23 "class actions").

overtime compensation," and any additional damages.  29 U.S.C. § 216(b).  Employees must

opt-in to an FLSA collective action by giving consent in writing and filing the consent with the

Court.  *Id.*

      The FLSA further provides that an action on liability "may be maintained in any court of

competent jurisdiction by any one or more employees for and in behalf of himself or themselves

and other employees *similarly situated*."  *Id*. (emphasis added).  The term "similarly situated" is

not defined in the statute; however, the Tenth Circuit has adopted a two-tier *ad hoc* methodology

to determine on a case-by-case basis whether members of a class are similarly situated.  *See*

*Theissen v. General Elec. Capital Corp*., 267 F.3d 1095, 1102-05 (10th Cir. 2001).  In the first

tier, or notice stage, to show that employees are similarly situated courts require "nothing more

than substantial allegations that the putative class members were together the victims of a single

decision, policy, or plan."  *Id*. at 1102 (citation omitted); *see also Medrano v. Flower Foods, et*

*al.,* 2017 WL 3052493, *3 (D.N.M.) (explaining that while similarly situated standard requires

substantial allegations, the standard is "fairly loose initially, until discovery is completed").  The

purpose of this first step is for the court to determine whether certification is appropriate for the

purpose of sending notices and consent forms to potential plaintiffs.  *Renfro v. Spartan Computer*

*Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) (citation omitted).

      Once the court has conditionally certified a class, the parties engage in discovery.  After

the close of discovery, the court moves to the second step using a "stricter standard of 'similarly

situated,'" which requires the evaluation of different factors.  *Thiessen*, 267 F.3d at 1102-03

(citation omitted).  These factors include: (1) the different factual and employment settings of

individual plaintiffs; (2) the various defenses available to defendants which appear to be

individual to each plaintiff; and (3) fairness and procedural considerations.  *Renfro*, 243 F.R.D.
at 432.

    III.     *Discussion*

       Plaintiff seeks conditional certification of a proposed class of individuals who worked for
Defendants as "home health Registered Nurses, Physical Therapists, Occupational Therapists,
Speech Therapists, Social Workers, Certified Nursing Assistants, Certified Therapy Assistants,
Home Health Aides, Therapy Aides, and other similarly-designated skilled and paraprofessional
care positions."  (Doc. 25-1) at 7.  Defendants argue Plaintiff is not similarly situated to the
proposed class because the different employees have different levels of responsibility, training,
and education, and because some of the positions are supervisory while others are not.  (Doc. 39)
at 12-14.  Nevertheless, "[t]he standard of certification at the present stage is a lenient one that
typically results in class certification."  *Greenstein v. Meredith Corp.*, 948 F. Supp. 2d 1266,
1267 (D. Kan. 2013) (citation omitted).  Indeed, "[t]he court does not weigh the evidence,
resolve factual disputes, or rule on the merits of plaintiffs' claims."  *Id.*

       Here, Plaintiff alleges the proposed class all "share a common primary duty to provide
health care services to patients in their homes," are classified as "non-exempt" employees
pursuant to company-wide policy, are paid according to the same "per event" compensation plan,
and use the same electronic medical record system to record their time worked.  (Doc. 43) at 3.
These allegations are sufficient to meet the first-tier requirement for conditional class
certification which requires "nothing more than substantial allegations that the putative class
members were together the victims of a single decision, policy, or plan."  *Thiessen*, 267 F.3d at
1102; *see also Renfro*, 243 F.R.D. at 433-34 (finding allegations that defendants "engaged in a
pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the

victims of a single decision, policy or plan").  Defendants' arguments regarding the class

members' titles and supervisory status apply more to a merits-based determination, which is not

appropriate at this conditional certification stage.  *See Olivas v. C & S Oilfield Servs., LLC,* 349

F. Supp. 3d 1092, 1111 (D.N.M. 2018) ("[T]hat proposed class members held different job titles

does not mean that they are not similarly situated."); *Pivonka v. Bd. of Cnty. Comm'rs of*

*Johnson Cnty.*, 2005 WL 1799208, at *4 (D. Kan.) (holding variations in employees' specific job

duties did not defeat conditional certification because they shared general duties and injuries

arose from employer's failure to pay overtime).  In addition, to the extent Defendants argue

Plaintiff must demonstrate that other employees want to join the litigation, as required by the

Eleventh Circuit, this is not a requirement for FLSA conditional certification in the Tenth

Circuit.  *See* (Doc. 39) at 15; *McCaffrey v. Mortg. Sources, Corp.*, 2009 WL 2778085, at *4 (D.

Kan.) (noting at least two courts in Tenth Circuit have considered and expressly rejected this

requirement and concluding defendant presented no compelling evidence or argument why the

court should follow Eleventh Circuit precedent).

Based on the foregoing, the Court concludes Plaintiff has made substantial allegations

that the putative class members are similarly situated and will grant Plaintiff's Motion for

Conditional Certification.

IV.     *Proposed Notice*

Defendants argue Plaintiff's proposed Notice is inadequate for several reasons.  (Doc. 39)

16-17.  First, Defendants assert the Notice does not state that Plaintiff and other class members

could be liable for Defendants' costs if Defendants prevail.  Plaintiff states that if this language is

added to the Notice, it should clarify that the opt-in Plaintiffs would not be responsible for

Defendants' attorneys' fees, and should read; "If Plaintiffs lose, they could be responsible for

paying court costs and expenses (not including Defendants' attorneys' fees)."  (Doc. 43) at 12.

The Court finds this is an acceptable compromise and will order Plaintiff to revise the Notice to

include Plaintiff's proposed addition.

Next, Defendants state the Notice "does not provide for consent to join the action" and

"does not provide any information about the attorneys who seek to represent the class members."

(Doc. 39) at 17.  To the contrary, the Notice informs potential class members they can join the

action by returning the completed and signed "Opt-In Consent Form" via U.S. mail, facsimile, or

e-mail to Plaintiff's counsel.  *See* (Doc. 25-2) at 3; (Doc. 38-1) at 2 (proposed "Opt-In Consent

Form").  The Notice also provides the names and contact information for Plaintiff's counsel of

record, including the location of their offices.  *Id.* at 4.  Therefore, the Court overrules these

objections to the Notice.

Finally, Defendants argue the proposed Notice is inadequate because it does not inform

potential class members the amount of attorneys' fees they may have to pay out of any judgment

entered in their favor.  (Doc. 39) at 17.  The Notice informs potential class members that

Plaintiffs' attorneys "are being paid on a contingency fee basis, which means that if there is no

recovery, there will be no attorneys' fee.  If there is a recovery, these attorneys will receive a part

of any settlement obtained or money judgment entered in favor of all members of the collective

action lawsuit."  (Doc. 25-2) at 3.  The Court agrees with Defendants that the Notice should

specify the percentage of fees that will be paid to the attorneys if Plaintiffs prevail or otherwise

explain how the attorneys' fees will be calculated.  Plaintiff shall revise the Notice to include this

information.

V.      *Conclusion*

Based on the foregoing, the Court concludes Plaintiff has made substantial allegations that the putative class members are similarly situated.  Therefore, the Court grants Plaintiff's Motion for Conditional Certification and permits Plaintiff to provide the proposed Notice to potential class members once it has been revised as set forth above.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Opposed Motion for Conditional Certification and Issuance of Notice Under 29 U.S.C. § 216(b), (Doc. 25), is granted.

2.  The following class (the "FLSA Collective Class") is conditionally certified:

> All individuals who worked as home health Registered Nurses, Physical Therapists, Occupational Therapists, Speech Therapists, Social Workers, Certified Nursing Assistants, Certified Therapy Assistants, Home Health Aides, Therapy Aides, and other similarly-designated skilled and paraprofessional care positions for Defendants during a period from three years prior to the entry of the conditional certification order to the present.

3.  Within ten (10) days of this Order, Defendants shall produce to Plaintiff a computer-readable data file containing the names, addresses, email addresses, telephone numbers, dates of employment, social security numbers, and dates of birth for the FLSA Collective Class.

4.  Plaintiff shall revise the proposed Notice as set forth above and send the revised Notice and Opt-In Consent Form by first-class U.S. Mail, email, and text message to all members of the FLSA Collective Class.  Potential class members will have 75 days from the mailing of the Notice and Consent Forms to return their signed Consent Forms to Plaintiff's counsel for filing with the Court.

5.  Within five (5) days after Plaintiff provides Defendants a copy of the revised Notice,
    Defendants shall post the Notice in their office where members of the FLSA
    Collective Class are likely to view it.  Defendants may remove the notice after 75
    days.

6.  Plaintiffs may send a reminder notice 20 days before the end of the opt-in period to
    any and all potential class members who have not yet returned the Opt-In Consent
    Forms.

_____
UNITED STATES DISTRICT JUDGE