IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRETCHEN VALENCIA, individually and
On behalf of all others similarly situated,

      Plaintiff,

v.                                                          No. 1:18-cv-01071-DHU-JFR

ARMADA SKILLED HOME CARE OF NM LLC,
ARMADA HOME HEALTHCARE OF SOCORRO, LLC,
and CHRISTOPHER TAPIA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Strike Ineligible Employees from the Class and to Decertify the Class ("Defendants' Motion"), filed June 29, 2021 (Doc. 66). Plaintiffs filed a response in opposition on July 27, 2021 (Doc. 69), and Defendants replied on August 24, 2021 (Doc. 70). On April 13, 2022, the Court ordered supplemental briefing regarding the applicability of *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001) to this matter. The parties submitted supplemental briefs and responses as ordered (Docs. 75, 76, 78, and 79). Having considered the motion, briefs, and relevant law, and being otherwise fully informed, the Court finds that Defendants' Motion is **GRANTED IN PART AND DENIED IN PART.**

### BACKGROUND

Named Plaintiff Gretchen Valencia is a Registered Nurse who was employed by Defendants from October 2016 to November 2018. *See* Doc. 75 at 2. In this position, Plaintiff provided in-home healthcare services to patients. *See* Doc. 25-1 at 4.

1

On November 15, 2019, Plaintiff filed her First Amended Collective and Class Action Complaint ("Complaint"). *See* Doc. 38. Plaintiff alleges Defendants wrongfully denied her and other home healthcare workers overtime pay for all hours worked in excess of 40 hours in given workweeks in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New Mexico Minimum Wage Act ("NMMWA"), and the New Mexico Wage Payment Act ("NMWPA"). *See id.* at 12-17.

Plaintiff's overarching allegation is that Defendants violated FLSA, NMMWA, and the NMWPA by "knowingly failing to pay their home health workers all overtime premium wages due for the overtime work they performed despite classifying them as non-exempt under the FLSA and eligible for overtime pay." *Id.* at 1. Plaintiff states that Defendants maintained a "policy and practice of paying home health workers on a 'per event' basis for time spent visiting patients based on a set visit rate for each visit completed of a certain type." Doc. 38 at 4. Plaintiff alleges that Defendants required home healthcare workers to use a specific software to track their time on certain tasks, but Defendants do not use the software to log workers' time spent on other tasks, like travel, preparing for visits, email, voicemail, communicating with patients and other medical providers, and coordinating care. *See* Doc. 38 at 5. As a result, Plaintiff asserts that Defendants routinely permitted home health workers, including Plaintiff, to work more than 40 hours per week, but did not pay these workers overtime wages at a rate of 1.5 times their regular rate. *See* Doc. 38 at 5.

On May 28, 2020, the Honorable Kenneth J. Gonzales granted Plaintiff's Opposed Motion for Conditional Certification and Issuance of Notice under 29 U.S.C. § 216(b). *See* Doc. 46. The Court found that Plaintiff made substantial allegations that the putative class members are similarly situated, and therefore conditionally certified the following collective ("FLSA Collective"):

> All individuals who worked as home health Registered Nurses, Physical Therapists, Occupational Therapists, Speech Therapists, Social Workers, Certified Nursing Assistants, Certified Therapy Assistants, Home Health Aides, Therapy Aides, and other similarly-designated skilled and paraprofessional care positions for Defendants during a period from three years prior to the entry of the conditional certification order to the present.

Doc. 46 at 8.  After Plaintiff mailed the 29 U.S.C. § 216(b) Notice and Opt-In Consent Forms, potential plaintiffs were given 75 days to return their Opt-In Forms to Plaintiff's counsel for filing with the Court.  *See* Doc. 46 at 8.  By the end of the opt-in period, 16 plaintiffs had opted-in to the conditionally certified collective.  *See* Doc. 66 at 2.

On June 29, 2021, Defendants filed their Motion to Strike Ineligible Employees from the Class and to Decertify the Class (Doc. 66).  Defendants move this Court to (1) strike "ineligible employees who attempted to join the conditional class" and (2) "decertify the class" because "the lack of a sufficient number of class members dictate that the class should be decertified and not tried as a class." *Id.* at 1.

### STANDARD

The FLSA provides that a court may certify a collective action brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  The Tenth Circuit Court of Appeals has approved of a two-tiered, "ad hoc" approach to determine whether named and prospective plaintiffs are "similarly situated" such that certification is proper.  *See Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).  During the initial "notice stage," courts require only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* "At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" *Id.*  During this second-stage analysis, the Court assesses several factors, including the "disparate factual and employment

settings of the individual plaintiffs," "the various defenses available to defendants which appear to be individual to each plaintiff," and "fairness and procedural considerations." *Id.* at 1203 (citation omitted). The second stage "warrants a stricter standard than the conditional certification stage because it occurs near the end of discovery." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 Fed.Appx. 669, 671 (6th Cir. 2012) (internal citations omitted).

## ANALYSIS

### I. Whether the Number of Plaintiffs Warrants Decertification

Defendants argue that the "class should be decertified because there are too few members to justify class treatment." Doc. 66 at 7. In support of their argument, Defendants rely heavily on *Anderson v. Weinert Enters., Inc.*, 986 F.3d 773 (7th Cir. 2021). *See* Doc. 66 at 9-10. In *Anderson*, as Defendants highlight, the Court addressed whether a plaintiff had shown that his proposed class action under Federal Rule of Civil Procedure 23(a)(1) satisfied the numerosity requirement under Rule 23. 986 F.3d at 777. The additional authorities cited by Defendants similarly address Rule 23 class requirements. *See* Doc. 66 at 10. Plaintiff argues "there is simply **no numerosity requirement** for an FLSA collective action," and "[f]or the second time during this lawsuit, Defendants again improperly seek to impose the standards for a class action under Fed. R. Civ. P. 23 on a collective action brought under Section 216(b) of the FLSA." Doc. 69 at 1.

The issue before the Court is decertification of a FLSA collective action, not Rule 23 class certification. *See* Doc. 69 at 4 ("Plaintiff has not yet moved for class certification of her Rule 23 claims."). As this Court previously held, "the standards for Rule 23 class certification are inapplicable to this [conditional certification] Motion." Doc. 46 at 3, n.2 (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73-76 (2013) (explaining differences between FLSA "collective actions" and Rule 23 "class actions"). Defendants have not offered any authority that indicates the Court should import Rule 23 requirements to this FLSA collective action.

4

Furthermore, the Tenth Circuit has unequivocally commented that:

> Congress clearly chose not to have the Rule 23 standards apply to class actions under the ADEA, and instead adopted the "similarly situated" standard. To now interpret this "similarly situated" standard by simply incorporating the requirements of Rule 23 (either the current version or the pre 1966 version) would effectively ignore Congress' directive.

*Thiessen*, 267 F.3d at 1105. *See also Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (interpreting the ADEA and concluding that, by enacting § 216(b)'s "similarly situated" language, "Congress has stated its policy that . . . plaintiffs should have the opportunity to proceed collectively"). The Court must reject Defendants' numerosity argument. The collective action will not be decertified on that basis.

## II. Application of *Thiessen*

Under *Thiessen*, the Court analyzes several factors when evaluating a defendant's motion to decertify a FLSA collective. 267 F.3d at 1102-03. In deciding a motion to decertify, the Court uses "a stricter standard of 'similarly situated,'" as compared to the standard used at the conditional certification stage. *Id.* Specifically, the Court examines "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear individual to each plaintiff; [and] (3) fairness and procedural considerations . . . ." *Id.*, 267 F.3d at 1103 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D.Colo. 1997)).

### A. First Factor: Disparate Factual and Employment Settings of Individual Plaintiffs

Regarding the first factor, Defendants argue there is "no overriding policy to deprive employees of overtime. There is no link, let alone a sufficient link, between being employed on a PRN basis and being employed with a guaranteed minimum: if the individual employee worked overtime, which is undisputed these employees did not, they were compensated accordingly."

Doc. 76 at 5.  In contrast, Plaintiff argues that the Opt-In Plaintiffs "share the same factual and employment settings."  Doc. 75 at 7.  Plaintiff argues this is evidenced by the fact that,

> They all worked for Defendants out of a single centralized office under the same management team.  And as this Court previously found, they share the common primary duty to provide health care services to patients in their homes (although their individual disciplines may differ), were uniformly classified as "non-exempt" employees pursuant to company-wide policy, were paid according to the same "per event" compensation plan, and use the same electronic medical record system to record their time worked.

*Id.* at 7-8 (citing Doc. 46 at 5).

The Court finds the first factor weighs in favor of denying Defendant's motion to decertify.  The Opt-In Plaintiffs share largely similar factual and employment settings because they all worked from the same centralized office under the same management, share the common duty of providing home health care services, are classified as "non-exempt," were paid on the same "per event" basis, and used the same electronic system to record their work time.  *See Brayman v. KeyPoint Gov't Sols., Inc.*, 2022 WL 974282, at *5-6 (D. Colo. Mar. 31, 2022), *reconsideration denied,* 2022 WL 1120501 (D. Colo. Apr. 14, 2022) (plaintiffs had common factual and employment settings where, among other things, they shared similar job functions, worked under the same general supervision hierarchy, were classified as non-exempt employees, and were subject to the same pay provisions).  This is sufficient for the Court to find that the first factor indicates the Plaintiffs are similarly situated under § 216(b).

### B. Second Factor: Various Defenses Available to Defendants that Appear to be Individual to Each Plaintiff

Defendant argues that "individual issues presented by these employees would predominate at trial.  Perhaps that is why under Rule 23, numerosity is required: when a lawsuit presents so few opt-in class members, as this one does, it is impossible to determine whether the individual issues would predominate at trial . . . ."  Doc. 76 at 6.  Plaintiff argues Defendants have "not identified

6

any defenses which appear to be individual to each plaintiff," Doc. 75 at 8, and even if Defendants had, "the mere presence of defenses that might require individualized inquiry does not mandate decertification if common issues and facts predominate, as they do here." *Id*. at 8-9

The Court finds the second factor weighs in favor of denying Defendants' request for decertification. As a preliminary matter, though Defendants do not explicitly argue in their decertification motion that there are individual defenses that need to be litigated on an individual basis, many of Defendants' arguments in support of its request to strike certain opt-in Plaintiffs appear to be assertions of individualized defenses. Specifically, Defendants' arguments in support of their motion to strike generally fall in several categories, which are that particular Opt-In Plaintiffs did not worktime, *see e.g.* Doc. 70 at 5 and Doc. 66 at 3, 7, are exempt from overtime requirements for purposes of the FLSA as exempt professionals, *see* Doc. 70 at 5-6, and/or worked a de minimus amount of time that is not compensable. *See* Doc. 79 at 3. In their Response to Plaintiff's Supplemental Brief, Defendants seem to acknowledge that these assertions are indeed defenses:

> Plaintiff addresses the second *Thiessen* factor: whether there are any defenses which appear to be individual to each plaintiff. As discussed in the initial brief, there are defenses available in response to each opt-in plaintiff. For example, that Barnes and Vigil were paid the minimum salary for all times they worked is a defense available to Defendants. That Josh Hernandez never worked any overtime is another defense. Whether any opt-in plaintiff worked a de minimus amount of time that is not compensable is yet another defense not likely applicable to all opt-in plaintiffs.

Doc. 79 at 3.[1] Given all of this, the Court addresses Defendants' arguments in support of its motion

---

[1] Defendants elaborates that certain Opt-In Plaintiffs are exempt from the FLSA's overtime requirement as professionals because registered nurses, who are paid on a "guaranteed minimum salary" basis, and whose duties require "specialized knowledge and advanced training or learning customarily acquired by a prolonged course of specialized intellectual instruction or the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor" are exempt professionals. Doc. 70 at 5-6 (citing 29 § CFR 541.3).

to strike particular employees as arguments that go to whether there are any defenses that appear to be individual to each plaintiff, the second *Thiessen* factor.[2]

In considering whether there are various defenses available to Defendants that appear to be individual to each Plaintiff, the Court is mindful that at the decertification stage, the overarching issue is "whether common questions of law and fact exist that justify representational litigation." *Medrano v. Flowers Foods, Inc.*, 2021 WL 3290711, at *5 (D.N.M. Aug. 2, 2021). "The second factor inquires as to whether there exist defenses that need to be litigated on an individual basis." *Lozoya v. All Phase Landscape Constr., Inc.*, 2014 WL 222104, at *3 (D. Colo. Jan. 21, 2014). "The need for individual factual determinations is not fatal to certification of a FLSA collective action." *Chabrier v. Wilmington Fin., Inc.*, 2008 WL 938872, at *3 (E.D. Pa. 2008).

Turning to its analysis of this second factor and the defenses Defendants have presented, the Court finds that this factor weighs in favor of denying Defendants' motion for decertification. First, Defendants argue that some of the Opt-In Plaintiffs did not work overtime or worked a de minimus amount of time that is not compensable. These are essentially arguments that relate to how much uncompensated overtime Defendants may owe to each Plaintiff. *See Underwood v. NMC Mortg. Corp.*, 2009 WL 1322588, at *4 (D. Kan. May 11, 2009) (finding that determination of whether plaintiffs worked overtime and the amount of such overtime has "more to do with Plaintiffs' damages" and is a straightforward inquiry that was not sufficient to defeat the propriety of the collective action). "[T]he prospect of individualized damages defenses should not preclude

---

[2] The Court notes, however, that Plaintiffs do not oppose Defendants' request to strike three of the Opt-In Plaintiffs. Specifically, Defendants moved to strike Opt-In Monique Calderon, Rachel Johnson, and Connie Heavner. *See* Doc. 66 at 4-5, 7. Plaintiffs do not oppose Defendants' motion to strike Ms. Calderon, Ms. Johnson, or Ms. Heavner. *See* Doc. 69 at 2, n.1. Because Plaintiff does not oppose striking these individuals, the Court will grant Defendants' motion to strike these three Opt-In Plaintiffs from the collective.

8

collective adjudication of the critical issue in [FLSA] case[s]—whether Defendant employed an improper practice that was formulated centrally and resulted in uncompensated overtime." *Andrako v. U.S. Steel Corp.*, 788 F. Supp. 2d 372, 382–83 (W.D. Pa. 2011) (internal quotation marks and citation omitted).

Next, Defendants have argued a professional exemption should apply to some of the Opt-In Plaintiffs. The Court is not persuaded that the professional exemption requires decertification. "Evidence that Plaintiffs are similarly situated does not require absolute uniformity of behavior." *Medrano*, 2021 WL 3290711, at *5. There may be some employees who are subject to the professional exemption, while there are others who are not. But this analysis appears relatively simple and does not justify creating multiple lawsuits to reach the answer. *See id.* (finding that inquiry into whether motor carrier exemption applies to some plaintiffs, which requires finding is "relatively simple and does not justify creating multiple lawsuit to reach an answer"). Decertification would simply result in the Court having to determine the application of the professional exemption in different trials, which would not promote efficiency. That this defense may apply to some Plaintiffs does not warrant decertifying the collective. In sum, the Court concludes that the second *Thiessen* factor weighs in favor of denying Defendants' motion for decertification.

## C.  Third Factor: Fairness and Procedural Considerations

Finally, Defendants argue the third factor weighs in their favor because "a trial of the action could not be coherently managed given the differences in these employees' positions, circumstances and employment agreements with Armada. The presentation of evidence regarding each employee would confuse the jury. Each of the remaining opt-in plaintiffs would require separate proof of the particular relevant facts." *See* Doc. 76 at 6. Defendants argue they would be unduly prejudiced by a single trial. *Id.* Plaintiff argues that the third factor favors

continued collective treatment because the "prevalent material facts are common to all the Plaintiffs. These common claims can be most efficiently adjudicated in a single action." Doc. 75 at 10.

The Court finds the third factor weighs in favor of proceeding collectively. Fairness and procedural considerations favor denial of a motion to decertify when "[t]he likelihood that individual [plaintiffs] could effectively present their claims against the Defendants in multiple, individual federal lawsuit is extremely small in light of the expense of filing nine lawsuits with individual claims of modest size. Some issues … would require an individual determination. But the majority of issues, including the Plaintiffs' case-in-chief and the likely defenses, can be resolved using evidence applicable to most [plaintiffs]." *Medrano*, 2021 WL 3290711, at *6. The reasoning in *Medrano* is sound and applicable here. The Plaintiffs' claims should be addressed collectively as requiring them to present their claims individually would be inefficient and likely expensive, and the facts and circumstances underlying their claims are largely the same. As a result, the third factor weighs in favor in proceeding collectively. Considering all of the *Thiessen* factors together, the Court concludes that Defendants' motion for decertification is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Strike Ineligible Employees from the Class and to Decertify the Class (Doc. 66) is **GRANTED IN PART AND DENIED IN PART.** The Court strikes Opt-In Plaintiffs Monique Calderon, Rachel Johnson, and Connie Heavner from the collective. However, in all other respects, Defendants' Motion is denied.

**IT IS SO ORDERED.**

_____
DAVID HERERRA URIAS
UNITED STATES DISTRICT JUDGE