IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRETCHEN VALENCIA, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                                       Case No. 18-cv-1071 KG/JFR

ARMADA SKILLED HOME CARE OF NM
LLC, ARMADA HOME HEALTHCARE OF
SOCORRO, LLC, and CHRISTOPHER TAPIA,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Opposed Motion to Substitute Named Plaintiff and for Leave to Amend the Complaint, (Doc. 121), filed April 19, 2024. Defendants filed their Response, (Doc. 122), on May 2, 2024, and Plaintiff filed her Reply, (Doc. 124), on May 23, 2024. Having considered the briefing and the applicable law, the Court grants the Motion.

I.    *Background*

Currently, the named Plaintiff, Gretchen Valencia, is a Registered Nurse who was Defendants' employee from October 2016 to November 2018. *See* (Doc. 75) at 2. As an employee, Plaintiff provided in-home healthcare services to patients. *See* (Doc. 25-1) at 4. On November 15, 2019, Plaintiff filed her First Amended Collective and Class Action Complaint ("Complaint"). (Doc. 38). Plaintiff alleges Defendants wrongfully denied her and other home healthcare workers overtime pay for all hours worked in excess of 40 hours in given workweeks in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., the New

Mexico Minimum Wage Act ("NMMWA"), and the New Mexico Wage Payment Act ("NMWPA"). *See id.* at 12–17.

Plaintiff's overarching allegation is that Defendants violated FLSA, NMMWA, and the NMWPA by "knowingly failing to pay their home health workers all overtime premium wages due for the overtime work they performed despite classifying them as non-exempt under the FLSA and eligible for overtime pay." *Id.* at 1. Plaintiff states Defendants maintained a "policy and practice of paying home health workers on a 'per event' basis for time spent visiting patients based on a set visit rate for each visit completed of a certain type." *Id.* at 4. Plaintiff alleges Defendants required home healthcare workers to use a specific software to track their time on certain tasks, but Defendants do not use the software to log workers' time spent on other tasks, like travel, preparing for visits, email, voicemail, communicating with patients and other medical providers, and coordinating care. *See id.* at 5. As a result, Plaintiff asserts Defendants routinely permitted home health workers, including Plaintiff, to work more than 40 hours per week, but did not pay these workers overtime wages at a rate of 1.5 times their regular rate. *See id.* at 5.

Now, Plaintiff requests a second amendment to her complaint to substitute Valencia for three other named plaintiffs. (Doc. 121) at 1. Beverly Apodaca, Gretchen Schmidt, and Nena Vigil, the proposed named Plaintiffs, have been a part of this case since August 2020, and have participated in the discovery process since then. *Id.* at 1–2.

II.   *Analysis*

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." As the Tenth Circuit has explained, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowec Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). Additionally, under Fed. R. Civ. P. 21, "the court may at any time, on just terms, add or drop a party."

    Here, Defendants do not dispute the rules and cases on which Plaintiff relies. (Doc. 122) at 2. Instead, Defendants argue the rules and cases do not support allowing a named Plaintiff to be substituted and remain a part of the lawsuit without justification. *Id.* In response, Plaintiff asserts Defendants do not point to any authority suggesting otherwise and further asserts Defendants do not point to prejudice or injustice that would result from allowing such an amendment. (Doc. 124) at 3–4. The Court acknowledges Defendants' argument that Plaintiff has not put forward case law supporting her request to move a named plaintiff to unnamed status. However, the Court also acknowledges Defendants do not cite any authority supporting their position.

    Defendants argue Plaintiff fails to show justice requires a second amendment to the Complaint. (Doc. 122) at 3. The Court disagrees. In a class action, the named plaintiff must be able to "protect[] the interests of unnamed proposed class members." *In re: Santa Fe Natural Tobacco Co. Mktg. Sales Pracs. & Prods. Liab. Litig.*, 2023 WL 6121894, at *74 (D.N.M) (citation omitted). Plaintiff states she "is currently experiencing personal matters that preclude her from fulfilling her responsibilities as the class representative." (Doc. 121) at 3. Although Plaintiff did not inform the Court exactly what personal matters she is experiencing, she has unequivocally stated she cannot perform her duties as a named plaintiff. Thus, the Court

determines justice requires allowing this substitution to protect the interests of the unnamed Plaintiffs.

Defendants assert "the court treated [Valencia] differently in the discovery process." (Doc. 122) at 4. To the extent Defendants argue they will be prejudiced should the amendment be allowed, the Court is not persuaded. The three proposed named Plaintiffs have been a part of this case since 2020, Defendants have been aware of their claims and have been able to conduct discovery concerning each Plaintiff. (Doc. 121) at 1–2; (Doc. 122) at 4. Thus, the Court determines the necessity for named plaintiffs to be able to protect the entire class outweighs any potential prejudice resulting from the proposed amendment.

For the reasons discussed above, the Court grants Plaintiff's Motion, (Doc. 121).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE