IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEVERLY APODOCA,
GRETCHEN SCHMIDT, and
NENA VIGIL, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.                                                   Case No. 18-cv-1071 KG/JFR

ARMADA SKILLED HOME CARE OF NM
LLC, ARMADA HOME HEALTHCARE OF
SOCORRO, LLC, and CHRISTOPHER TAPIA,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Rule 23 Class Certification, (Doc. 126), filed May 23, 2024. Defendants opposed the Motion; however, they did not file a Response. Having considered the briefing and the applicable law, the Court grants the Motion.

*I.*    *Background*

Named Plaintiffs Beverly Apodaca, an occupational therapist, Gretchen Schmidt, and Nena Vigil, registered nurses, were Defendants' employees between 2017 and 2019. *See* (Doc.121-2) at 4. In their positions, Plaintiffs provided in-home healthcare services to patients. *Id.* at 6. On November 15, 2019, Plaintiffs filed their First Amended Collective and Class Action Complaint. (Doc. 38). On December 4, 2024, the Court granted Plaintiff's Second Motion to Amend the Complaint. (Doc. 135).[1] Plaintiffs allege Defendants wrongfully denied them and other home healthcare workers (HHWs) overtime pay for all hours worked in excess of 40 hours

---

[1] Because the Court granted the Second Amendment, it replaces previously named Plaintiff Valencia with the newly named Plaintiffs.

in given workweeks in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., the New Mexico Minimum Wage Act ("NMMWA"), and the New Mexico Wage Payment Act ("NMWPA"). (Doc. 121-2) at 2–3.

Plaintiffs' overarching allegation is Defendants violated the FLSA, NMMWA, and the NMWPA by "knowingly failing to pay their home healthcare workers all overtime premium wages due for the overtime work they performed despite classifying them as non-exempt under the FLSA and eligible for overtime pay." *Id.* at 2. Plaintiffs state Defendants maintained a "policy and practice of paying home health workers on a 'per event' basis for time spent visiting patients based on a set visit rate for each visit completed of a certain type." *Id.* at 6. Plaintiffs allege Defendants required HHWs to use a specific software to track their time on certain tasks, but Defendants do not use the software to log workers' time spent on other tasks, like travel, preparing for visits, email, voicemail, communicating with patients and other medical providers, and coordinating care. *See Id.* at 7. As a result, Plaintiffs assert Defendants routinely permitted HHWs, including Plaintiffs, to work more than 40 hours per week, but did not pay these workers overtime wages at a rate of 1.5 times their regular rate. *Id.*

Plaintiffs assert all HHWs shared a common primary duty of providing healthcare services to patients in their homes. (Doc. 126) at 8. HHWs performed patient visits each day according to an assigned caseload. *Id.* All HHWs received the same training on Defendants' wage and hour policies, and were governed by the same policies, practices, and systems relating to timekeeping, performance requirements, and hours worked. *Id.*

On May 28, 2020, this Court granted conditional certification of the FLSA collective. (Doc. 46). Now, Plaintiffs request the Court certify the class under Fed. R. Civ. P. 23. (Doc. 126).

*II.    Analysis*

Plaintiffs seek certification of their NMMWA claims and defines the proposed class as follows:

> All individuals employed by Defendants home healthcare workers who worked full-time and were paid on a "per event" basis in New Mexico, within the applicable statute of limitations.

(Doc. 126) at 13.

To certify a class action, Plaintiffs must demonstrate the putative class satisfies four requirements under Rule 23(a) and one of three alternative requirements under Rule 23(b). *Sherman v. Trinity Teen Sols., Inc.*, 84 F. 4th 1182, 1187 (10th Cir. 2023). The four Rule 23(a) requirements are:

> (1) numerosity, meaning the class is so numerous that joinder of all members is impracticable; (2) commonality, such that there are questions of law or fact common to the class; (3) typicality, meaning the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) adequacy, such that the representative parties will fairly and adequately protect the interests of the class.

*Id.* (internal quotation marks and citation omitted). Rule 23(b)(3) requires "the court find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common question of law or fact, etc." *Wal-Mart Stores, Inc v. Dukes*, 564 U.S. 338, 350 (2011). "The district court must undertake a rigorous analysis to satisfy itself that a putative class meets the applicable Rule 23 requirements." *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 913 (10th Cir. 2018) (internal quotation marks and citation omitted). "Rule 23 grants courts no

license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether Rule 23 prerequisites for class certification are satisfied." *Id.*

    A. *Rule 23(a) Requirements*

        1. *Numerosity*

Rule 23(a)(1) requires a class be "so numerous that joinder of all members is impracticable…." Courts must base their numerosity inquiries on the particular circumstances of each case including the class size. *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006); *Pueblo of Zuni v. United States*, 243 F.R.D. 436, 444 (D.N.M. 2007). Although plaintiffs need not show an exact number of potential class members, courts may not rely on "mere speculation" to determine numerosity. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 596 (3d Cir. 2012). On the other hand, courts may rely on "common sense," but only if the plaintiffs show "sufficient circumstantial evidence" to permit the court "to make a factual finding." *Id.* Here, Plaintiffs allege over 222 home healthcare workers comprise the putative class based on the class list Defendants provided. (Doc. 126) at 18. Given the relatively large size of the class, Plaintiffs have shown joinder would be impractical. *See Bustillos v. Bd. Of Cty. Comm'rs of Hidalgo Cty.*, 310 F.R.D 631, 669 (D.N.M. 2015) ("[P]laintiffs may establish that joinder would be impracticable with as few as fifty members.") (citation omitted).

        2. *Commonality*

Next, a plaintiff must show "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Plaintiffs must show their claims rely on a "common contention…of such a nature that it is capable of class-wide resolution—which means that determination of its

4

truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc.*, 564 U.S. 338, 350 (2011). Class relief is appropriate when issues turn on questions of law applicable in the same manner to each member of the class. *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (citation omitted). "Factual differences between class members' claims do not defeat certification where common questions of law exist." *DG v. Devaughn*, 594 F. 3d 1188, 1195 (10th Cir. 2010) (citation omitted). "In the employment context, courts have typically found the commonality requirement is satisfied where employees claim that they were denied minimum wage or overtime compensation as a result of a corporate employment policy." *Deakin v. Magellan Health, Inc.*, 2024 U.S. Dist. LEXIS 145479, at *13 (D.N.M.) (internal quotations and citation omitted).

Plaintiffs propose four common questions of law and fact in their motion for class certification:

> (1) whether Defendants regularly required HHWs to work in excess of 40 hours per week without overtime compensation;
>
> (2) whether Defendants failed to structure their "per-event" payment scheme in a way that compensated HHWs at 1.5x their normal hourly rate for hours worked in excess of 40 per week;
>
> (3) whether Defendants failed to make or maintain records of all time worked by HHWs; and
>
> (4) whether Defendants failed to timely pay HHWs all wages due.

(Doc. 126) at 14–15. The factual record suggests that common evidence will resolve the core issues in this case—whether Defendants failed to structure their "per-event" payment scheme in a way that failed to compensate hours worked in excess of 40 per week. Named Plaintiffs have provided evidence demonstrating the HHWs shared common duties and were governed by the same policies. *Id.* at 8. For example, the HHWs performed patient visits according to their assigned caseload, they were classified as non-exempt from overtime, they were paid under the

5

"per event" payment scheme, and they received the same training on Defendants' wage and hour policies. *Id.* Further, named Plaintiffs have provided evidence from numerous HHWs showing they often worked more than 40 hours per week. *See* (Doc. 126-7) at 6; *see also* (Doc. 126-8) at 2. This evidence bears on the issue of Defendants' "per event" payment scheme as applied to the entire class, thereby providing a common evidentiary framework which can resolve the issue in one stroke.

### 3. Typicality

Additionally, Plaintiffs must show "the claims or defenses of the representative parties are typical of claims and defenses of the class." Fed. R. Civ. P. 23(a)(3). "[T]ypicality do[es] not require that every member of the class share a fact situation identical to that of the named plaintiff." *Sherman*, 84 F. 4th at 1193. Instead, it "requires only that the claims of the class representative and class members are based on the same legal or remedial theory." *Id.*

Here, the named Plaintiffs share the class members same legal theory: the failure to pay overtime under Defendants' "per event" pay scheme. (Doc. 126) at 21. Further, each class representative and each putative class member were injured in the same manner. While there may be immaterial factual differences between the class representatives and putative class members, their claims are nevertheless based on the same legal theory. *See Troncoso v. Enter. Prods. Operating LLC*, 2024 U.S. Dist. LEXIS 190361, at * 17 (D.N.M.) (concluding differences in factual circumstances "does not defeat typicality because the broad legal theory…remains constant.").

### 4. Adequate Representation

Plaintiff must demonstrate "the representative parties," including both the class representative and class counsel, "will fairly and adequately protect the interest of the class."

Fed. R. Civ. P. 23(a)(4). This inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). To determine whether this requirement is met, the Court must ask whether "the named plaintiffs and their counsel have any conflicts of interests with other class members" and whether "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F. 3d 1180, 1187–88 (10th Cir. 2002) (citation omitted).

The Court finds the named Plaintiffs and class counsel will fairly and adequately protect absent class members' interests. Defendants raise no argument to the contrary. Class representatives and counsel stated there are no conflicts of interest. (Doc. 126) at 22–23. There is no indication the named Plaintiffs' strategic or financial interests would diverge from or undercut absent class members' interests. Counsel appears to be qualified and otherwise able to meet the requirements listed in Fed. R. Civ. P. 23(g).

### B. Rule 23(b) Requirements

In addition to the Rule 23(a) prerequisites, a party must demonstrate a type of class action under Fed. R. Civ. P. 23(b). In this case, Plaintiffs request certification under Rule 23(b)(3), or in the alternative Rule 23(c)(4). Rule 23(b)(3) requires "the court find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

#### 1. Ascertainable Class

"Although not expressly a requirement of Rule 23, most courts imply a requirement that a class definition be precise, objective, and presently ascertainable." *Lavigne v. First Cmty.*

*Bancshares, Inc.*, 2018 WL 2694457, at *6 (D.N.M.) (internal quotations and citation omitted); *see also Shook v. El Paso Cnty.*, 386 F.3d 963, 972 (10th Cir. 2004). Here, Plaintiffs proposed class is defined as:

> All individuals employed by Defendants home healthcare workers who worked full-time and were paid on a "per event" basis in New Mexico, within the applicable statute of limitations.

(Doc. 126) at 13. Defendants do not contend the class is not ascertainable. Based on this definition, the class members can be readily identified by objective criteria based on Defendants' business records of putative class members' employment with Defendants. Therefore, the class definition is ascertainable.

### 2. Predominance

"Rule 23(b)(3)'s predominance requirement is related to, albeit more demanding than, Rule 23(a)(2)'s commonality requirement." *Naylor Farms, Inc. v. Chaparral Energy, LLC*, 923 F. 3d 779, 789 (10th Cir. 2019) (internal quotations and citation omitted). "The Rule 23(b) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. Predominance requires "common questions subject to generalized, classwide proof *predominate* over individual questions." *CGC Holding Co., LLC v. Broad & Cassel*, 773 F. 3d 1076, 1087 (10th Cir. 2014).

Defendants are silent on the issue of predominance. The common predominant issue here is whether Defendants' "per event" payment scheme violated the NMMWA. Plaintiffs seek to answer that question by establishing through common proof that Defendants' policies and standardized expectations led HHWs to work unpaid overtime.[2] Moreover, the need for

---

[2] Common proof includes the overtime section of the Armada Handbook, Defendants' policies and procedures, and deposition testimony, which taken together, can establish whether Defendants' pay scheme violates the NMMWA's overtime protections. (Doc. 126) at 25.

individualized damage calculations does not defeat predominance. *See Menocal*, 882 F.3d at 922 (stating the "fact that damages may have to be ascertained on an individual basis is not, standing alone, sufficient to defeat class certification."). Accordingly, the Court finds Rule 23(b)'s predominance requirement satisfied.

### 3. *Superiority*

In addition to predominance, Rule 23(b) requires Plaintiffs show "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In determining superiority, the Court considers four factors: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class. *Id.*

Without anything to the contrary from Defendants, the Court determines Rule 23(b)(3)'s factors support the superiority of a class action in this matter. First, there is no indication the class members would take an interest in individually controlling the prosecution of this action. Moreover, the cost of litigating individual claims would most likely deter HHWs from filing suit. *See Abraham v. WPX Prod. Prods., LLC*, 317 F.R.D. 169, 239 (D.N.M. 2016) ("[T]ransaction costs are not insubstantial and have prompted other courts in this Circuit to conclude that litigating as a class is superior."). Second, there is no other litigation addressing the claims presented in this case. Finally, the scope of the class—both in terms of geography and size—is reasonable. The class is compromised of about 222 members and includes only those working in New Mexico. Thus, class size is manageable and appropriate in this forum.

*III.    Conclusion*

The Court finds named Plaintiffs have satisfied the Rule 23(a) requirements of numerosity, typicality, commonality, and adequacy of counsel, as well as the Rule 23(b)(3) requirements of predominance and superiority. Thus, class certification is appropriate, and the Motion is granted. Plaintiffs' NMMWA claims are hereby certified as a class action and undersigned counsel is appointed as class counsel.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE