IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEVERLY APODOCA,
GRETCHEN SCHMIDT, and
NENA VIGIL, individually and on
behalf of all others similarly situated,

      Plaintiffs,

v.                                    Case No. 18-cv-1071 KG/JFR

ARMADA SKILLED HOME CARE OF NM
LLC, ARMADA HOME HEALTHCARE OF
SOCORRO, LLC, and CHRISTOPHER TAPIA,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiffs' Motion for Court Approval of Class Notice and Notice Plan, (Doc. 138), filed December 20, 2024. Defendants filed their Response in Opposition, (Doc. 140), on January 3, 2025, and Plaintiffs filed their Reply, (Doc. 142), on January 17, 2025. Defendants then filed a Sur-Reply, (Doc. 148), on April 17, 2025.[1] Having considered the briefing and the applicable law, the Court grants the Motion with edits.

As an initial matter, Plaintiffs filed a Motion for Leave to File a Response to Defendants' Sur-Reply, (Doc. 150), on April 25, 2025. Plaintiffs state that Defendants assert new arguments in their Sur-Reply. (Doc. 150) at 2. The Court will not consider Defendants new arguments submitted in their Sur-Reply, so there is no need to file another response. Thus, Plaintiffs' Motion for Leave to File a Response is denied.

---

[1] The Court allowed Defendants the opportunity to file a sur-reply no later than April 17, 2025. (Doc. 147). Defendants filed their first Sur-reply, (Doc. 148), on April 17, 2025. Six days later, Defendants filed an Errata, (Doc. 149), which was untimely so it will not be considered.

I.    *Background*

Named Plaintiffs Beverly Apodaca, an occupational therapist, Gretchen Schmidt, and

Nena Vigil, registered nurses, were Defendants' employees between 2017 and 2019.  *See*

(Doc.121-2) at 4.  In their positions, Plaintiffs provided in-home healthcare services to patients.

*Id.* at 6.  Plaintiffs allege Defendants wrongfully denied them and other home healthcare workers

(HHWs) overtime pay for all hours worked in excess of 40 hours in given workweeks in

violation of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, et seq., the New

Mexico Minimum Wage Act (NMMWA), and the New Mexico Wage Payment Act (NMWPA).

*Id.* at 2–3.

Plaintiffs' overarching allegation is Defendants violated the FLSA, NMMWA, and the

NMWPA by "knowingly failing to pay their home healthcare workers all overtime premium

wages due for the overtime work they performed despite classifying them as non-exempt under

the FLSA and eligible for overtime pay."  *Id.*  Plaintiffs state Defendants maintained a "policy

and practice of paying home health workers on a 'per event' basis for time spent visiting patients

based on a set visit rate for each visit completed of a certain type."  *Id.* at 6.  Plaintiffs allege

Defendants required HHWs to use a specific software to track their time on certain tasks, but

Defendants do not use the software to log workers' time spent on other tasks, like travel,

preparing for visits, email, voicemail, communicating with patients and other medical providers,

and coordinating care.  *Id.* at 7.  As a result, Plaintiffs assert Defendants routinely permitted

HHWs, including Plaintiffs, to work more than 40 hours per week, but did not pay these workers

overtime wages at a rate of 1.5 times their regular rate.  *Id.*

Plaintiffs assert all HHWs shared a common primary duty of providing healthcare

services to patients in their homes.  (Doc. 126) at 8.  HHWs performed patient visits each day

according to an assigned caseload. *Id.* All HHWs received the same training on Defendants'

wage and hour policies, and were governed by the same policies, practices, and systems relating

to timekeeping, performance requirements, and hours worked. *Id.*

On May 28, 2020, this Court granted conditional certification of the FLSA collective

class. (Doc. 46). On December 4, 2024, this Court certified the Rule 23 class action and

appointed class counsel. (Doc. 136). Plaintiffs' proposed class was certified under Rule

23(b)(3) as: "All individuals employed by Defendants home healthcare workers who worked

full-time and were paid on a 'per event' basis in New Mexico, within the applicable statute of

limitations." *Id.* at 8.

Now, Plaintiffs seek Court approval for the proposed Class Notice and Notice Plan.

(Doc. 138).

   II.    *Analysis*

Federal Rule of Civil Procedure 23(c)(2)(B) requires that when the court certifies a class

action under Fed. R. Civ. P. 23(b)(3), it "must direct to class members the best notice that is

practicable under the circumstances, including individual notice to all members who can be

identified through reasonable effort." Rule 23 permits providing notice to the class members by

"United States mail, electronic means, or other appropriate means." *Id.* The notice must "clearly

and concisely state in plain, easily understood language":

   (1) the nature of the action;
   (2) the definition of the class certified;
   (3) the class claims, issues, or defenses;
   (4) that a class member may enter an appearance through an attorney if the member
       so desires;
   (5) that the court will exclude from the class any member who requests exclusion;
   (6) the time and manner for requesting exclusion; and
   (7) the binding effect of a class judgment on members under Rule 23(c)(3).

3

*Id.*  This requirement is "essential" to "ensure that class members who desire to pursue their own claims individually have the opportunity to exercise their right to opt out of the class."  *Gottlieb v. Wiles*, 11 F.3d 1004, 1012 (10th Cir. 1993), *abrogated on other grounds by Delvin v. Scardelletti*, 536 U.S. 1 (2002).

"In addition to the requirements of Rule 23, the constitution's Due Process Clause also guarantees unnamed class members the right to notice of certification or settlement."  *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 943–44 (10th Cir. 2005) (citing U.S. Const. amend. V (other citations omitted)).  "For due process purposes, rather than looking at actual notice rates, our precedent focuses upon whether the district court gave 'the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.'"  *Id.* at 944 (citation omitted).  "The legal standard for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are coextensive and substantially similar."  *Id.*

Here, Defendants propose several changes to the wording of the proposed Notice.  (Doc. 140).  First, Defendants argue that the previously certified "FLSA class is completely encompassed in the new Rule 23 class definition and provides Plaintiffs with a second opportunity to solicit those individuals."  *Id.* at 1–2, ¶ 3.  Defendants do not provide, and the Court cannot find, any supporting caselaw.  Thus, the Court rejects any changes reflecting Defendants' proposition because it is unsupported.

Next, Defendants propose the certified class be limited to:

> All persons who were or are employed as home healthcare workers who worked full-time in New Mexico and were paid on a "per event" basis at any time from the inception of Armada Skilled Homecare of New Mexico LLC until January 13, 2019, the date after which no employees were pau *[sic]* "per event", unless it is determined to have been a willful violation.

4

*Id.* at 2, ¶ 5. Defendants do not cite any supporting evidence that this date is accurate and

similarly do not cite to relevant caselaw that supports their proposition concerning "a willful

violation." In their Sur-Reply, Defendants attempt to support their proposition that no employee

was paid "per event" after January 13, 2019, with deposition testimony from their Chief

Operating Officer, Chris Tapia. (Doc. 148) at 6. Without more, the Court cannot limit the class

as requested because it must adhere to Rule 23's due process requirement. Further, the Court

notes that Defendants did not advocate for this definition in their Rule 23 class certification

briefing. Thus, the proposed change to the class definition is rejected.

Next, in the "What is this lawsuit about?" section, Defendants wish to change

"Defendants deny that they are liable for violations of New Mexico state law" to:

> Defendants dispute that they failed to accurately record or pay for all of the time
> worked by plaintiffs or denied home healthcare workers timely overtime pay or that
> they are liable for violations of New Mexico state law. Most class members have
> signed releases of their claims against Armada after an audit was done, in exchange
> for additional compensation.

(Doc. 140) at 3, ¶ 7. Plaintiffs "have no issue with this proposed change." (Doc. 142) at 3.

They do, however, take issue with the last sentence because it is misleading. *Id.* The Court

agrees. Thus, the first sentence proposed by Defendants will replace Plaintiffs' proposed

sentence starting with "Defendants deny…." The second sentence is unclear and misleading and

will not be added to the Notice.

Next, Defendants argue the Notice should state that the lawsuit stems from Fed. R. Civ.

P. 23. (Doc. 140) at 3, ¶ 8. Defendants do not provide supporting caselaw, and the Court finds

none. In reviewing the proposed Notice, the Court finds it unnecessary to add that this class

action is permitted through Rule 23, and it is not a required disclosure under Rule 23(c)(2)(B).

Next Defendants propose a change under the "How does this lawsuit affect me?" section

as follows:

Joining this lawsuit will entail participating in the discovery process. You may also be held liable for costs associated with this lawsuit, and for potential counterclaims which could be asserted against you by Defendants in relation to releases of claims singed *[sic]* by class members. Double recovery will not be allowed.

*Id.* at 3, ¶ 10. Citing nonbinding authority, Defendants provide no reasoning why their proposed sentences help to clarify the "disadvantages of participating in the lawsuit." *Id.* Defendants do not provide an explanation why these changes help to create the "best Notice available" and the Court finds it unclear. Further, courts generally "disfavor discovery aimed at absent class members." *Collopy v. Wexford Health Sources, Inc.*, 2024 WL 1539765, at *2 (D.N.M) (citation omitted). Thus, the information contained in Defendants' proposed sentences is misleading and inappropriate.

Defendants next request the Court modify one sentence from the section titled "How do I join the state class action claims for owed overtime wages?" Specifically, they request the sentence, "You are AUTOMATICALLY included in the class action" be changed to read "You are included in the class action under New Mexico law." (Doc. 140) at 3–4, ¶¶11–12. While Defendants argue that this clarifies the statement, the Court finds it unnecessary and determines it has no clarifying effect.

Next Defendants argue the Notice should not be sent to the individuals who received the FLSA notice and chose not to opt in to the FLSA class. *Id.* at 4, ¶ 13. Defendants do not cite legal authority to support their argument and the Court finds none. Thus, the notice will be sent to all individuals that fit within the Rule 23 class definition, even if they chose not to opt in to the FLSA class.

Additionally, Defendants point out that the Motion does not state whether the Notice will be provided in English or Spanish or both. *Id.* at 4, ¶ 14. Plaintiffs respond that they "intend to issue the Notice in English only, unless Defendants can provide a reason why a Spanish version

6

is advisable." (Doc. 142) at 6. The Court finds this acceptable. Plaintiffs will send out a Spanish version if Defendants provide a reason why certain class members would benefit from a Spanish Notice.

Defendants also ask that the Notice inform potential class members that "the case may be resolved by settlement without going to trial" and that they may attend the settlement hearing. (Doc. 140) at 4, ¶ 15. Plaintiffs do not believe this is necessary and state that it would be premature. (Doc. 142) at 6. The Court, however, does not take issue with adding that this case could end in settlement without trial. The most appropriate place for this information to be added is under the "How will this lawsuit affect me?" section.

Finally, Defendants contend that there should be an additional element added to the "Election to be Excluded Form" as follows:

> I further acknowledge that I intend for this consent to be filed to recover overtime wages against my current/former employer that may be owed to me and that this consent may be used in this case as necessary on my behalf for such recovery and acknowledge that double recovery will not be allowed.

(Doc. 140) at 4, ¶ 16. Defendants cite a case approving an FLSA notice, but that case does not discuss double recovery at all. *See* (Doc. 140) at 4, ¶ 16 (citing *Calivillo v. Bull Rogers, Inc.*, 267 F. Supp.3d 1307). The Court finds this sentence to be confusing, especially considering that the Election Form is only used for class members that wish to opt out. Discussing potential recovery of overtime wages while choosing to opt out of the class is contradictory and ambiguous. Thus, the Court rejects Defendants' proposed change to the Election Form.

As a final note, the Court understands Defendants' concern with double recovery. However, the Class definition appropriately limits the persons able to join this class action. An employee that did not work full-time and was not paid on a "per event" basis will not be able to join the class action because they do not fit within the class definition.

With the edits outlined above, the clean versions of the Class Notice are clear, concise,

and provide notice in "plain, easily understood language" as required by Fed. R. Civ. P.

23(c)(2)(B).  The Notice also includes the information required by Rule 23(c)(2)(B).

*III.    Conclusion*

For the foregoing reasons, Plaintiffs' request for approval of the Notice and Notice Plan,

(Doc. 138-1), is granted with the edits outlined above.

IT IS SO ORDERED:

(1) Defendants are ordered to produce, within seven (7) days of this Order, an updated

class list comprised of all individuals employed by Defendants as home healthcare

workers in New Mexico who worked full-time and were paid on a "per event" basis

at any time from September 1, 2025, to the date Armada was acquired by Addus

HomeCare, including their (1) full names, (2) most recent mailing address, (3) email

address, (4) phone number, (5) job title(s), and (6) dates of employment.

(2) Class counsel shall retain a reputable administration firm to administer the Notice to

each class member via email and First Class U.S. Mail; and

(3) Class members shall have forty-five (45) days from the mailing date to opt out of the

class pursuant to the process outlined in the Notice.

/s/ KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.